GRIFFIN, J.
Plaintiff below, Lee Nastase [“Nas-tase”], appeals an order granting summary final judgment in favor of defendant below, Florida Fish and Wildlife Conservation Commission [“the Commission”].
On August 25,” 2000, Nastase filed a complaint and demand for jury trial against the Commission. Nastase alleged damages pursuant to the Federal Employment Discrimination Act, 42 U.S.C. § 2000(e), and the Florida Employment Discrimination Act, section 760, Florida Statutes (2000), for sex discrimination. She alleged that she was a duty officer performing as a dispatcher and that she was written up several times for various rule violations. She further alleged these rules were not followed by similarly situated males, but that the males were never reprimanded or punished. Nastase claimed her employer’s actions and attempts to terminate her employment constituted a constructive termination forcing her to resign in September 1998.
The Commission filed an answer and affirmative defenses. Among other things, it asserted that it was not a proper party and should be dismissed from the action because Nastase was an employee of the Department of Environmental Protection [“DEP”] rather than the Commission.
The Commission then filed a motion for summary final judgment. The Commission’s argument was that it had never been Nastase’s employer and therefore could not be subject to Lability in the action. The motion set out the following undisputed material facts supported by the affidavits of Captain Mickey Otwell and Cindy Hoffman:
1. On or about March 27, 1992, [Nas-tase] was hired by the Florida Department of Environmental Protection, Division of Law Enforcement.[1]
2. [Nastase] was employed by the Department of Environmental Protection until she resigned by written resignation, effective September 27,1998.
3. [The Commission] did not exist until it was created by constitutional amendment and subsequent legislative enactment made effective July 1,1999.[2]
*1067 4. [Nastase] is not now, nor has she ever been, employed by [the Commission],
Captain Otwell’s affidavit stated that he was employed by the DEP, Division of Law Enforcement, in the Titusville office where he served as District Captain in July 1997. It further stated he was the District Captain for Nastase from July 1997 until her resignation in September 1998. Captain Otwell asserted that Nas-tase was at all times employed by DEP, had her paycheck issued by DEP, had insurance provided through DEP, was identified on her uniform and badge as an employee of DEP, had participated in DEP’s sick leave pool, and was subject to the directives and policies of DEP. He further asserted that Nastase had initiated a grievance against other DEP employees and the procedure was administered by DEP. Finally, he stated that in July 1999 after Nastase’s resignation, certain of the divisions of DEP were transferred to the newly created Commission. The transfer included certain employees of the Division of Law Enforcement and Otwell, but to his knowledge Nastase had never been employed by the Commission.
Cindy Hoffman, Chief of Personnel for the Commission, stated in her affidavit that employment records indicated that Nastase was employed by DEP between March 27, 1992 and September 27, 1998, and that there was no record indicating Nastase ever worked for the Commission.
The trial court entered summary final judgment in favor of the Commission. Nastase filed a motion for rehearing alleging:
2.That the record establishes that [Nastase] was previously employed by and through the Florida Marine Patrol Division which subsequent to [Nastase]’s employment came to be a division of another State Agency, that being [the Commission],
3. That while [Nastase] was previously employed by [DEP] and allegations in the complaint occurred while [Nastase] was employed by that agency, [the Commission] is a successor agency pursuant to Constitutional Amendment and thus a party to this action. The Court thus made an error of law in granting [the Commission]’s motion.
4. That there is a question before the Court as to whether there was sufficient identity of assets, location, management and personnel. [The Commission] is responsible for liabilities of [Nastase]’s prior department which was absorbed by [the Commission],
Nastase acknowledges in her brief that she was employed by a division of DEP and that she was never employed by the Commission. However, Nastase asserts the entitlement to sue the Commission because she was employed in DEP’s Division of Law Enforcement and certain employees of that division, including her supervisor Otwell, became employees of the Commission after it was formed in 1999. As a result, Nastase argues the Commission is a responsible “successor” agency.
The Commission responds that civil liability for employment discrimination under both the federal and state acts lies only against an employer, and that the Commission can therefore not be liable because it was never an employer of Nastase. The Commission further responds that Nastase cannot prevail on her successor liability theory because the Commission is a governmental entity rather than a corpora *1068 tion, upon its formation the Commission did not assume any liabilities of DEP, and the Commission did not absorb DEP. The Commission also notes that both DEP and the Commission continue to exist as distinct executive departments of the State of Florida.
The Commission was formed in 1999 through constitutional amendment and statute by unifying the Marine Fisheries Commission and the Game and Fresh Water Fish Commission. Even though some employees from the DEP Law Enforcement Division were also transferred to the Commission according to Otwell’s affidavit, the Commission did not succeed or absorb the DEP Law Enforcement Division because the statute provides that the Division of Law Enforcement within the DEP still exists.[3] See § 20.255(3)(d), Fla. Stat. (1999). Additionally, we note that the original complaint filed with the EEOC by Nastase was against DEP.
We find neither factual nor legal support for appellant’s successor liability theory. Accordingly, we affirm.
AFFIRMED.
PLEUS, J., and COBB, W., Senior Judge, concur.

. This division is commonly referred to as the Florida Marine Patrol.

. Art. IV, § 9, Fla. Const. (1999) and § 20.331, Fla. Stat. (1999). Apparently, in the implementation of this amendment, the Florida legislature combined all of the staff and commissioners of the former Marine Fisheries Commission, elements of the Marine Resources and Law Enforcement Divisions of DEP, and all of the employees and commissioners of the former Game and Fresh Water Fish Commission to form the Commission. *1067 The Division of Law Enforcement of DEP is still in existence. § 20.255(3)(d), Fla. Stat. (2001).

. One underlying purpose of successor liability seems to be that the employee will not be denied the right to sue an employer entity for relief when that employer entity ceases to exist because it was absorbed into another entity. In the present case, however, DEP Division of Law Enforcement continues to exist and could be sued.